UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMY ZIELINSKI, on behalf of himself and all others similarly situated,

                      Plaintiff,

-against-

NEW YORK STATE CORRECTIONAL OFFICERS AND POLICE BENEVOLENT ASSOCIATION, INC., et al.,

                      Defendants.

1:25-CV-1776 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Jeremy Zielinski, who is currently incarcerated in the Woodbourne Correctional Facility ("Woodbourne") and proceeds *pro se*, has filed a "declaration in application for emergency relief" ("declaration") and a memorandum in support of that application seeking a preliminary injunction and a temporary restraining order. (ECF 6 & 7.) He sues: (1) the New York State Correctional Officers and Police Benevolent Association, Inc. ("NYSCOPBA"), which, he alleges, is a union that represents correctional officers assigned to New York State Department of Corrections and Community Supervision ("DOCCS") prisons, including Woodbourne; (2) Kathy Hochul, the Governor of the State of New York; (3) Daniel Martuscello, the Commissioner of DOCCS; and (4) unidentified defendants "John Does 1 through 100, whose true names are known to the other defendants, [and] are the officers and executives of NYSCOPBA and [are] otherwise conspirators and organizers of the illegal strike at [Woodbourne] and other DOCCS facilities." (ECF 1, at 2-3.)

      In his declaration, Plaintiff seeks the following immediate injunctive relief: an order

[1]    . . . directing . . . [Governor Hochul and Commissioner Martuscello] to disclose and file with this court . . . the names and address(es) for service of process of . . . [NYSCOPBA] and its directors and officers[;]

[2]   . . . directing . . . [Governor Hochul and Commissioner Martuscello] to disclose and file with this court, the full name, rank, employee number, and assigned facility or facilities of all []DOCCS employees who are known to have abandoned their posts, not reported for scheduled duties, or otherwise participated in the illegal work strike described more particularly in the . . . Complaint or harbored or aided and abetted the strike or any of its participants[;]

[3]   . . . prohibiting NYSCOPBA and any person who has participated in the strike, from attempting to or actually making any request or demand, directly or through any third party, to . . . [Governor Hochul or Commissioner Martuscello] or any other New York State official for any change of New York State statute, rule, regulation, policy, custom, or usage with respect to DOCCS operations or incarcerated people in DOCCS custody[;]

[4]   . . . prohibiting . . . [Governor Hochul and Commissioner Martuscello] from considering, negotiating, agreeing to, or implementing any change of New York State statute, rule, regulation, policy, custom, or usage pursuant to or in response to any request or demand, whether made directly or through any third party, by NYSCOPBA or any person who has participated in the illegal work strike described more particularly in the . . . Complaint[;]

[5]   . . . directing . . . NYSCOPBA and any other person identified as currently participating in the illegal work strike described more particularly in the . . . Complaint, or harboring or aiding and abetting the strike or any of its participants, to immediately cease and desist, noncompliance to be punished as contempt of the court[;]

[6]   . . . directing . . . [Governor Hochul and Commissioner Martuscello] to forthwith take all legally available steps to suppress the illegal work strike described more particularly in the . . . Complaint, including but not limited to deploying the New York State Police and other law enforcement to arrest and jail the leaders and purported representatives of the strikers and any other person harboring or aiding and abetting the strike or any of its participants[; and]

[7]   . . . directing . . . [Governor Hochul and Commissioner Martuscello] to forthwith restore, and ensure throughout this action, access by incarcerated people in []DOCCS facilities to: communication by personal and legal telephone calls, email, postal mail, and personal and legal visitation; law library and notary services; showers and other hygiene essentials; correct meal portions; and medical and mental health care.

(ECF 6, at 1-2.)

To obtain any such immediate injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm, and (2) either (a) a likelihood of success on the merits of his action or

(b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000); *Dennis v. K&L Gates LLP*, No. 1:20-CV-9393 (MKV), 2025 WL 902457, at *2 (S.D.N.Y. Mar. 25, 2025) (quoting *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004)). This preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

None of Plaintiff's submissions, including his complaint, demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, the Court denies Plaintiff's requests for immediate injunctive relief that are raised in his declaration. (ECF 6.) The Court will explain its reasons for denying immediate injunctive relief in a subsequent order that responds to Plaintiff's complaint.

## CONCLUSION

The Court denies Plaintiff's requests for immediate injunctive relief raised in his declaration. (ECF 6.) The Court will explain its reasons for denying immediate injunctive relief in a subsequent order that responds to Plaintiff's complaint.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 31, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge