UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY ZIELINSKI,

Plaintiff,

-against-

NEW YORK STATE CORRECTIONAL OFFICERS AND POLICE BENEVOLENT ASSOCIATION, INC.; KATHY HOCHUL; DANIEL MARTUSCELLO; JOHN DOE STRIKE PARTICIPANTS; JOHN DOE UNION OFFICIALS,

Defendants.

7:25-CV-1776 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff Jeremy Zielinski, who is currently incarcerated in the Attica Correctional Facility, and who appears *pro se*, brings this action asserting claims of federal constitutional violations under 42 U.S.C. § 1983 and claims under state law.[1] He sues: (1) the New York State Correctional Officers and Police Benevolent Association, Inc. ("NYSCOPBA"), alleged to be a public-employee union that represents correctional officers employed by the New York State Department of Corrections and Community Supervision ("DOCCS"); (2) Kathy Hochul, the Governor of the State of New York; (3) Daniel F. Martuscello III, the Commissioner of DOCCS; (4) unidentified "John Doe Strike Participants" (referred to herein as the "John Doe Strikers"), whom Plaintiff describes as "present and former DOCCS employees who were assigned to [the] Woodbourne, Collins, Cape Vincent, or Attica [C]orrectional [F]acility during [a] [s]trike who have since been . . . determined . . . to have illegally engaged in, authorized, approved, condoned,

[1] Plaintiff commenced this action while incarcerated in the Woodbourne Correctional Facility. His amended complaint (ECF 19) is the operative pleading for this action.

or consented to the [s]trike"; and (5) unidentified "John Doe Union Officials," whom Plaintiff describes as "officers, directors, employees, or agents of NYSCOPBA who . . . aided and abetted the [s]trike." (ECF 19, at 3.)

Plaintiff seeks (1) damages; (2) declaratory relief in which the Court declares "unconstitutional and void all purported agreements by Hochul and/or Martuscello authorizing or requiring binding private arbitration of any disciplinary action taken against any NYSCOPBA member based on conduct . . . [that] harms or was done in reckless disregard of harm to the person or rights of any incarcerated individual"; (3) declaratory relief in which the Court declares "DOCCS to be in systemic violation of the Eighth Amendment due to being overcrowded as a result of loss of staff during the [s]trike"; (4) injunctive relief in which the Court directs the institution of remedies "deemed necessary . . . to bring DOCCS into compliance, and[,] if such remedi[es] . . . are not effectually complied with[,] . . . [injunctive relief compelling] Hochul (in her official capacity as Governor) to reduce the incarcerated population to abate the effects of the unconstitutional overcrowding"; and (5) any other relief and the Court deems just and proper. (*Id.* at 14.)

By order dated March 5, 2025, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2] For the reason discussed below, the Court dismisses Plaintiff's claims raised *pro se* on behalf of others. The Court directs service on NYSCOPBA, Hochul, and Martuscello. The Court also directs counsel for NYSCOPBA and the Attorney General of the State of New York to provide to Plaintiff and to the Court the identities,

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

titles, service addresses, and, if appropriate, badge numbers, of the John Doe Union Officials and the John Doe Strikers, as described below.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Plaintiff's claims brought on behalf of others

The Court understands that, in addition to asserting claims on his own behalf *pro se*, he is asserting claims on behalf of others, specifically, other DOCCS prisoners, *pro se*. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself," *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted), that is, *pro se*. "[B]ecause *pro se* means to appear for one's self, a person may not appear [*pro se*] on another

person's behalf in the other's cause. A person [appearing *pro se*] must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Plaintiff does not allege that he is an attorney. Accordingly, the Court dismisses, without prejudice, his claims that he asserts on behalf of others *pro se*.

**B. Service on NYSCOPBA, Hochul, and Martuscello**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the court and the United States Marshals Service ("USMS") to effect service on NYSCOPBA, Hochul, Martuscello.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service of summonses and the amended complaint on NYSCOPBA, Hochul, and Martuscello through the USMS, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 form") for those Defendants. The Clerk of Court is further instructed to issue summonses for NYSCOPBA, Hochul, and

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended complaint and ordered that summonses for NYSCOPBA, Hochul, and Martuscello be issued. The Court therefore extends the time to serve NYSCOPBA, Hochul, and Martuscello until 90 days after the date that summonses for those Defendants are issued. If summonses and the amended complaint are not served on those Defendants within 90 days from the date that summonses for those Defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Martuscello and deliver to the USMS all the paperwork necessary for the USMS to effect service of summonses and the amended complaint on those Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

**C. John Doe Union Officials and John Doe Strikers**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant and ascertaining that defendant's service address. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit NYSCOPBA and DOCCS to identify the John Doe Union Officials and the John Doe Strikers. The John Doe Union Officials include those officers, directors, employees, or agents of NYSCOPBA who, as specified in the amended complaint, "aided and abetted" the correctional-officer strike that took place at the Woodbourne Correctional Facility ("Woodbourne") between February 17, 2025, and March 10, 2026. (ECF 19.) The John Doe Strikers are those current or former DOCCS employees who are or were NYSCOPBA members during the abovementioned strike, and who were normally assigned to Woodbourne, in the cell or housing block where Plaintiff was incarcerated in that facility during the abovementioned period, but who participated in the abovementioned strike during the abovementioned period, including any correctional officer who locked Plaintiff into his cell on the first day of the strike and then participated in the strike[4]. It is therefore ordered that counsel for NYSCOPBA and the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identities, titles, service addresses, and, if appropriate, badge numbers of those unidentified "John Doe"

[4] For now, the Court confines the ordered *Valentin* information with respect to the John Doe Union Officials and the John Doe Strikers to that about those unidentified individual Defendants associated with Woodbourne and the strike that occurred at that facility.

Defendants whom Plaintiff seeks to sue here. Counsel for NYSCOPBA and the Attorney General must provide this information to Plaintiff and to the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file a second amended complaint naming the newly identified individuals as Defendants. The second amended complaint will replace, not supplement, the original complaint and the amended complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly named Defendants.

**D. City Bar Justice Center**

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases filed in this court. The clinic may be able to assist Plaintiff with preparing his second amended complaint. The clinic is operated by a private organization called the City Bar Justice Center ("CBJC"); it is not part of, or operated by, the court. An informational flyer and a limited-scope legal-assistance retainer agreement are attached to this order.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court dismisses, without prejudice, Plaintiff's claims that he asserts *pro se* on behalf of others.

The Court also directs the Clerk of Court to: (1) issue summonses for Defendants New York State Correctional Officers and Police Benevolent Association, Inc., Kathy Hochul, and Daniel F. Martuscello III; (2) complete USM-285 forms with the service address of those Defendants; and (3) deliver all documents necessary to effect service of summonses and the amended complaint (ECF 19) on those Defendants to the USMS.

The Court further directs the Clerk of Court to mail copies of this order and of the amended complaint (*id.*) to the following addresses: (1) New York State Correctional Officers and Police Benevolent Association, Inc., 102 Hackett Boulevard, Albany, New York 12209; and (2) Office of the Attorney General of the State of New York, 28 Liberty Street, 16th Floor, New York, New York 10005.

A second amended complaint form, CBJC flyer, and CBJC limited-scope legal-assistance retainer agreement are attached to this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 9, 2026
White Plains, New York

NELSON S. ROMÁN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. New York State Correctional Officers and Police Benevolent Association, Inc.
   102 Hackett Boulevard
   Albany, New York 12209

2. Kathy Hochul
   Governor of the State of New York
   New York State Capitol Building
   Albany, New York 12224

3. Daniel F. Martuscello III
   Commissioner
   New York State Department of Corrections and Community Supervision
   Office of Counsel
   1220 Washington Avenue, Building 4
   Albany, New York 12226